UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                Case No. 6:11-cr-56-Orl-28KRS

DENNIS DEVLIN

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files its sentencing memorandum in this case and requests the Court to sentence the defendant, Dennis Devlin, to the mandatory minimum of 15 years in federal prison followed by a life term of supervised release.  A mandatory minimum sentence in this case will achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a) because it will reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and, most importantly, protect children from further crimes of the defendant.

## BACKGROUND

On January 20, 2011, 20 year-old Michael C. Ehmen, who had been engaging in a paid sexual relationship with Dennis Devlin, drove the 13 year-old minor victim to the Desert Inn, where Dennis Devlin lived.  PSR at ¶ 10.  According to Ehmen, Devlin routinely paid young men to engage in sexual activity with him and each other while he videotaped the conduct in his suite at the Desert Inn.  Doc. 80-1 at p. 57-58.  Ehmen stated that Devlin also paid him more money if he brought someone "new" over, and that Devlin preferred "anybody that looks young." Doc. 80-1, at p. 51, 53.

While at the Desert Inn, Devlin instructed Ehmen to go into another room in the suite.  He then directed the minor victim to undress, and to fondle himself, while Devlin photographed him using his iPhone.  PSR at ¶ 10.   When he was finished videotaping the child, Devlin paid both the minor victim and Ehmen cash.  Id.  Later that day, Devlin spoke to Ehmen and asked him to bring the minor victim back to him in a few days.  Id.

A few days later, on January 22, 2011, Ehmen again took the minor victim to the Desert Inn, where Devlin video taped the minor victim and Ehmen engaging in sexually explicit conduct.  PSR at ¶ 11.  On this day, Devlin directed the minor victim and Ehmen to undress and to lather each other using shaving cream in a jacuzzi.  Id.  He directed them to pose naked and then to masturbate.  Throughout, Devlin continually offered Ehmen and the minor victim "bonuses" to engage in sexual activity, including a bonus if they would touch each other and a bonus to whomever ejaculated first.  Id.  Devlin then instructed Ehmen and the minor victim to spank each other with a ping pong paddle, while Devlin uttered sexually suggestive phrases.  Id., Doc. 60.  When Devlin was finished, he paid both Ehmen and the minor victim, and asked to see the minor victim again on his birthday.  PSR at ¶ 11,

Several days later, the minor victim and his grandmother reported Devlin to the FBI, and on February 2, 2011, federal agents executed search warrants at the suites of the Desert Inn where Devlin lived and sexually exploited the child .  PSR at ¶¶ 12-13.  Agents located scores of DVDs, mini DVs, and several iPhones stashed in the ceiling of Devlin's bathroom.  Using the DVD recorder in his suite, Devlin had already burned 4 copies of the videos sessions of the minor victim onto DVDs, and labeled the DVDs with the child's name and age.  Doc. 60, p. 17.  In addition, agents found several boxes of

images of child pornography and/or erotica in Devlin's suite and office at the Desert Inn, and about 20 images of child pornography and/or erotica on his business computer.  Id.

Pursuant to the PSR, Devlin's guidelines range is 135-168 months.[1]  However, because the statutory mandatory minimum penalty in this case is 15 years, the guideline sentence is 180 months.  The government submits that a sentence of 180 months in this case reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence and avoids unwarranted sentencing disparities with other similarly situated defendants.

## ARGUMENT

### I.    Guidelines Objections

#### 1.    Application of USSG § 2G2.1(b)(2)(A)

Pursuant to USSG § 2G2.1(b)(2)(A), the Probation Office added two levels to Devlin's base offense level because the offense involved the commission of a sexual act. Devlin objects to this guideline adjustment, contending that the offense did not involve the commission of a sexual act.  Devlin is mistaken and his objection should be overruled.

The application note to USSG § 2G2.1(b)(2)(A) provides that the term "sexual act" within the guideline is defined in 18 U.S.C. § 2246(2), and "sexual contact" is defined in 18 U.S.C. § 2246(3).  USSG § 2G2.1(b)(2)(A), n.2.  Pursuant to section 2246(2), "'sexual act' means the intentional touching, not through the clothing, of the genitalia of another

---

[1]  The Probation Office scored the defendant 5 levels for pattern of activity involving prohibited sexual conduct under USSG §4B1.5(b)(1).  For purposes of this sentencing, the government agrees with the defendant's objection to this guideline.

person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." Similarly, "'sexual contact' means the intentional touching, either directly or through the clothing, of the genitalia ... or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."

In this case, Devlin directed the minor victim who was less than 16 years old, to masturbate, for the purpose of arousing Devlin's sexual desire. In addition, he directed Ehmen to spank the minor victim's naked buttocks again for the purpose of arousing Devlin's sexual desire. Accordingly, the probation office appropriately scored this adjustment.

## II.    Section 3553(a) Factors

### 1.    The Nature and Seriousness of the Offense

The nature and extent of Devlin's criminal conduct is heinous and militates in favor of a guidelines sentence. See 18 U.S.C. § 3553(a)(1). The Court of Appeals for the Eleventh Circuit has recognized that "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses." United States v. Sarras, 575 F.3d 1191, 1220 (11th Cir. 2009)(court affirmed as reasonable a 100-year- sentence for a first offender who sexually abused a single 13-year-old girl and took photos of it). In addition, the Supreme Court has stated that the distribution of child pornography feeds an industry that causes untold physiological, emotional, and mental trauma to the child victims. Osborne v. Ohio, 495 U.S. 103, 109 (1990). Recently, the Eleventh Circuit has stated that deterrence is "particularly compelling in the child pornography context" because the greater demand for it, the more children will be victimized to create it. See

United States v. Pugh, 515 F.3d 1179, 1194-95 (11th Cir. 2008). Moreover, "[c]ongress repeatedly has stressed the terrible harm child pornography inflicts on its victims," and has repeatedly increased the penalties for child pornography offenses. Pugh, 515 F.3d at 1195-98 (citing legislative history of federal statutes criminalizing child pornography offense).

Congress and the courts have recognized that Devlin's crime is serious. A guidelines sentence adequately reflects the seriousness of Devlin's offense, and there is nothing about the seriousness of this offense which warrants a variance or renders this case outside the heartland. 18 U.S.C. § 3553(a)(2).

2.      The History and Characteristics of the Defendant

Similarly, Devlin's history and characteristics militate in favor of a guidelines sentence. 18 U.S.C. § 3553(a)(1). Devlin's conduct and statements establish that he is a danger to children. Since as early as 1987, Devlin has been arrested about 6 times for sex related offenses against children. Although he was never convicted, the fact that Devlin, at 57 years-old, engaged in the same conduct for which he previously had been arrested 6 times establishes that he has an uncontrollable appetite for sexually exploiting children.

Moreover, there is nothing about Devlin's's history or characteristics that are outside the heartland or warrant a variance. Indeed, his history and characteristics –if significant at all– are aggravating, not mitigating factors. Devlin is a 57-year-old man who at the time of the offense had significant assets. He is in good health, has no history of serious mental or emotional problems, does not suffer from a serious debilitating mental defect or physical illness and has a supportive family. He reported

5

that he suffered no abuse in the home and that he had a good childhood.  In spite of his good fortunes, he abused a child.  Devlin's history and characteristics do not differentiate him from other middle age offenders who commit this crime, and in any event, do not tilt the sentencing balance when weighed against the nature and seriousness of his crimes.

     3.    <u>Just Punishment, Adequate Deterrence and Protection of the Public</u>

A guidelines sentence also meets the sentencing goals of just punishment, deterrence and protection of the public in this case.  18 U.S.C. § 3553(a)(2). Deterrence is "one of the four purposes of sentencing identified by Congress in Section 3553(a)."  <u>Pugh</u>, 515 F.3d at 1194 (citing S. Rep. No. 98-225, at 75-76 (1983), <u>reprinted in</u> 1984 U.S.C.C.A.N. 3182, 3259).  And, as noted above, the Eleventh Circuit has recognized that deterrence is "particularly compelling in the child pornography context."

Devlin has demonstrated that he is a danger to children.  He paid, sexually exploited and photographed a young boy to engage in sexually explicit conduct for his own deviant pleasure, and collected child pornography and/or erotica images of young naked boys.  A guidelines sentence of 180 months in federal prison will assure Defendant's lengthy separation from children and child pornography.  It will give Devlin an opportunity for reflection and treatment in a structured setting, separated from children.  A significant period of incarceration is necessary to provide just punishment for the harms Devlin inflicted upon his victim, to protect other children from further crimes and to afford adequate deterrence.  <u>See</u> 18 U.S.C. § 3553(a)(2).

For the foregoing reasons, the United States respectfully requests the Court to sentence Devlin to a term of imprisonment of 180 months followed by a life term of

supervised release.  In light of the serious nature of the offense, Devlin's personal

characteristics, and the need for the protection of children, just punishment and

deterrence, a guidelines sentence is reasonable.

Respectfully submitted,

ROBERT E. O'NEILL
United States Attorney


By:     *s/ Karen L. Gable*
Karen L. Gable
Assistant United States Attorney
USA No. 025
501 West Church Street, Suite 300
Orlando, Florida  32805
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
Email:        karen.gable@usdoj.gov

**U.S. V. DENNIS DEVLIN**                    **CASE NO. 6:11-cr-56-Orl-28KRS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 26, 2011, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic

filing to the following:

Michael H. Lambert

Aaron D. Delgado

<u>*s/ Karen L. Gable*</u>
Karen L. Gable
Assistant United States Attorney
USA No. 025
501 West Church Street, Suite 300
Orlando, Florida  32805
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
Email:         karen.gable@usdoj.gov

8