# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                            **CASE NO: 6:11-cr-56-Orl-28KRS**

**DENNIS BRIAN DEVLIN**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION** | **MOTION TO SET ASIDE JUSTICE DEPT FRAUDULENT DOCUMENTS THAT WERE USED AS AN OBSTRUCTION OF JUSTICE ON JUDGE ANTOON'S COURT (Doc. No. 178)** |
| **FILED:** | **March 9, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Defendant, Dennis Devlin, contends that the forfeiture of one-half of the proceeds obtained from the sale of the Desert Inn was unlawful because he had no interest in the property. He argues that the Stipulated Settlement Agreement between the United States and Deslin Hotels, Inc., which was entered into to resolve the dispute over forfeiture of the Desert Inn (Doc. No. 178-1, at 2-4), and the United States' Motion for a Final Judgment of Forfeiture (Doc. No. 178-1, at 5-7) were "based on fabricated evidence, false claims, fraud upon Judge Antoon's Court, abuse of process, violations of Federal Forfeiture Statutes[,] extortion of $1,552,588 from Ms. Devlin[,] and

Constitutional Right Violations of forfeiture-seizure of private property that was not based on any law or had legal grounds." Doc. No. 178, at 1.

In its response to the motion, the United States set forth the facts leading to the forfeiture of one-half of the net proceeds from the sale of the Desert Inn. Doc. No. 180. In sum, the acts underlying Mr. Devlin's conviction occurred at the Desert Inn. In his plea agreement, Mr. Devlin agreed to forfeit any interest he may have possessed in the Desert Inn. The Court accepted the plea agreement and adjudicated Mr. Devlin guilty. Thereafter, the United States moved forward with ancillary forfeiture proceedings based on evidence that the titled owner of the Desert Inn, Deslin Hotels, Inc., was a nominee. Deslin Hotels, Inc., through counsel, contested the forfeiture. Subsequently, Deslin Hotels, Inc. entered into a Stipulated Settlement Agreement with the United States in which the United States agreed that Deslin Hotels, Inc. would sell the Desert Inn and that the United States would forfeit one-half of the net proceeds from the sale, which totaled $1,552,588.62. In the Stipulated Settlement Agreement, Deslin Hotels, Inc., through its representative Irene Devlin, stated, "Deslin Hotels, Inc. and Irene Devlin do not dispute and will not contest the forfeiture of the United States' interest in the net proceeds, i.e., $1,552,588.62, obtained from the sale of the Property." Doc. No. 178-1, at 3.

Mr. Devlin does not have standing to contest Deslin Hotel's Stipulated Settlement Agreement with the United States and the subsequent forfeiture of one-half of the net proceeds from the sale of the Desert Inn. The preliminary order of forfeiture and the amended preliminary order of forfeiture (Doc. Nos. 72, 162) fully and finally divested Mr. Devlin of any interest he had in the Desert Inn. The forfeiture of the Desert Inn became final at sentencing and was made a part of the judgment. Doc. No. 85, at 5; *United States v. Marion*, 562 F.3d 1330, 1336 (11th Cir. 2009).

Therefore, Mr. Devlin has no standing to challenge the final order of forfeiture. *See United States v. Flanders*, 752 F.3d 1317, 1343 (11th Cir. 2014).

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

Recommended in Orlando, Florida on June 6, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy