# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**  CASE NO: 6:11-cr-56-Orl-28KRS

**DENNIS BRIAN DEVLIN**

## ORDER

Before the Court is the "Motion for Defendant's Objections to the Report and Recommendation Response to Hon. Judge Antoon's Order #199" (Doc. 214) filed by Defendant Dennis Devlin. Though Devlin's filings are not straightforward, the Court construes the motion as a motion for reconsideration of the Court's Order (Doc. 189) adopting the Report and Recommendation (Doc. 187) of the assigned United States Magistrate Judge relating to forfeiture of a hotel owned by Devlin and his mother.[1] As set forth below, Devlin's motion for reconsideration is denied.

Devlin first sought reconsideration of this Court's Order adopting the Report and Recommendation in a filing dated July 10, 2018 (Doc. 195). This Court ordered the government to respond to Devlin's filing, (Doc. 197), which the government did on July 24, 2018, (Doc. 198). The Court then entered an Order directing the Clerk of the Court to convert Devlin's filing into a notice, finding that the Court was without jurisdiction to rule on Devlin's motion because Devlin had filed a notice of appeal. (See Doc. 199 at 1). The

---

[1] The government filed a Response in Opposition (Doc. 219) to Devlin's Motion for Reconsideration. Devlin then filed a "Supplement Motion to Defendant's Motion to Judge Antoon's Order, Doc #199" (Doc. 221). This filing was improper. However, because Devlin is proceeding pro se, the Court will construe this improper filing as a Reply to the government's Response.

Court, however, noted that Devlin could file a motion after the mandate issued in his appeal. That mandate has since issued, and the filing currently before the Court is presumably Devlin's new motion for reconsideration. Devlin again seeks reconsideration of this Court's order adopting the magistrate judge's recommendation that his "Motion to Set Aside Justice Dept Fraudulent Documents that were Used as an Obstruction of Justice on Judge Antoon's Court" (Doc. 178) be dismissed for lack of standing.

Generally, there are three grounds justifying reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." True v. Comm'r, 108 F. Supp. 2d 1361, 1365 (M.D. Fla. 2000) (citations omitted). Devlin does not assert that the controlling law has changed. He does, however, state that the government "had to fabricate NEW evidence and make NEW false claims in their 'Opposition Motion' . . . 7 years after the illegal forfeiture-seizure of Ms. Devlin'shotel [sic]." But Devlin does not identify any new evidence that warrants reconsideration of this Court's prior Order. Neither does he show that there is manifest injustice or clear error requiring correction.

Devlin's attempt to use a motion for reconsideration to relitigate previously considered issues is inappropriate. See PaineWebber Income Props. Three Ltd. P'ship v. Mobile Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995) ("A motion for reconsideration should raise new issues, not merely readdress issues litigated previously.") (citation omitted). Devlin has not shown that he is entitled to the "extraordinary remedy" of reconsideration. Am. Ass'n of People With Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003).

Accordingly, the "Motion for Defendant's Objections to the Report and Recommendation Response to Hon. Judge Antoon's Order #199" (Doc. 214) is **DENIED**.

**DONE** and **ORDERED** on October 3, 2018.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Dennis Brian Devlin