UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

        **Plaintiff,**

v.                                                      Case No: 6:11-cr-56-JA-DCI

**DENNIS BRIAN DEVLIN**

        **Defendant.**

## REPORT AND RECOMMENDATION

On March 1, 2021, Defendant Dennis Bryan Devlin, who is proceeding *pro se*, filed the Motion to Vacate an Unconstitutional-Illegal Preliminary Forfeiture Order Motion to Dismiss the Government Motion "Court Lacks Jurisdiction" Used to Perpetrate Fraud on Court. Doc. 309 (the Motion). In the Motion, the Defendant seeks relief from the preliminary order of forfeiture that forfeited the Defendant's interest in the property that was used in furtherance of the Defendant's child exploitation offense (the Desert Inn). *Id.* This Court has already addressed this issue:

> The preliminary order of forfeiture and the amended preliminary order of forfeiture (Doc. Nos. 72, 162) fully and finally divested Mr. Devlin of any interest he had in the Desert Inn. The forfeiture of the Desert Inn became final at sentencing and was made a part of the judgment. Doc. No. 85, at 5; *United States v. Marion*, 562 F.3d 1330, 1336 (11th Cir. 2009). Therefore, Mr. Devlin has no standing to challenge the final order of forfeiture. *See United States v. Flanders*, 752 F.3d 1317, 1343 (11th Cir. 2014).

Doc. 187; *see also* Doc. 189 (adopting the Report and Recommendation at Doc. 187). Thus, the undersigned finds that the Motion is due to be denied.

In addition, this Court has previously cautioned the Defendant against repetitive filings of motions on matters that have already been ruled on by the Court. Doc. 285 at 2. In light of yet another filing on a matter that has already been ruled on by the Court, the undersigned respectfully

recommends that an injunction is appropriate. As the Court has already noted, the Defendant has become a prolific litigant. *See* Doc. 285 at 1. Since his conviction for sexual exploitation of a child on July 29, 2011, the Defendant has filed approximately twenty-eight *pro se* motions in addition to supplements to certain of those motions and notices of appeal. At least nine of the Defendant's previously filed motions sought to overturn the Final Order of Forfeiture. *See* Docs. 256, 257, 262, 273, 275, 276, 278, 281, 283. Undeterred by rulings against him on each of those motions, the Defendant continues to file motions regarding his claim of the Justice Department's obstruction of justice and fraud as to the forfeiture in this case. Now, the Motion repeats much of the argument the Defendant made in his earlier motions. And the Defendant filed the Motion despite the Court advising the Defendant that "[w]hile prisoners, like all citizens, have a right of access to the courts, they do not have the right to vexatiously file repetitive . . . motions" and cautioning the Defendant against making such repetitive filings. *See* Doc. 285 at 2 (citing *Brown v. Jones*, 2017 WL 2789407 at *3 (June 2, 2017, N.D. Fla.)).

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). "The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* at 1074. "To counter this threat, courts are authorized to restrict access to vexatious and abusive litigants." *Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015). The reasonable measures that a court may employ to curtail repetitive and vexatious litigation include "enjoin[ing] prisoner litigants from relitigating specific claims or claims arising from the same set of factual circumstances." *Id.* at 428 (citing *Procup*, 792 F.2d at 1072).

2

Here, the undersigned finds that the Defendant's repeated filings purporting to challenge the forfeiture in this case are matters already ruled upon by both this Court and the Eleventh Circuit, did not cease subsequent to the Court cautioning the Defendant, and constitute repetitive, vexatious, and abusive litigation sufficient to justify an injunction.  It is recommended that the injunction be narrowly tailored to prohibit any filing made by the Defendant related to the forfeiture orders or the property subject to forfeiture in this case, and that any violative filing simply be stricken by the Court without further notice.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 309) be **DENIED**;
2. The Court enter an order enjoining the Defendant from making any filings related to the forfeiture orders or the property subject to forfeiture in this case and cautioning the Defendant that any such filings will be stricken without further notice;
3. The Defendant's most recently filed motion (Doc. 314) be **STRICKEN**, as it is yet another pleading filed in an attempt to challenge the forfeiture in this case and is without merit.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on July 7, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant